UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROSALINA F. REGO,

       Plaintiff,

v.                                    CASE NO.: 8:04-CV-232-T-MAP

JO ANNE B. BARNHART,
COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

       Defendant.

_____/

## ORDER

Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), the Plaintiff seeks judicial review of the Commissioner's decision denying her claim for period of disability benefits and disability insurance benefits ("DIB"). The Plaintiff argues the Administrative Law Judge ("ALJ") erred in 1) failing to fully and adequately investigate his past work and failing to ascertain if the testimony of the vocational expert was congruent with the Dictionary of Occupational Titles; 2) failing to fully and adequately consider all of Plaintiff's impairments and present a full and adequate hypothetical question to the vocational expert. Having carefully reviewed the record, I find the ALJ's decision is supported by substantial evidence and dismiss Plaintiff's complaint.

    *A. Background*

The Plaintiff, born on June 18, 1951, in Portugal, has a grade school education and past relevant work experience as a sewing machine operator and floor worker, an assembler of perfume caps, a meat packager, and an electronics assembler. She alleges inability to work due to back problems caused by bulging discs, myofascial pain syndrome, headaches, depression and anxiety,

arthritis of her right shoulder, back and hip, and side effects from her medications.  Because Plaintiff's last date of insured was December 31, 1995, for purposes of her Title II , her disability onset must be established on or  prior to this date.

Plaintiff filed for period of disability benefits and disability insurance benefits on August 5, 1993.   After the social security administration denied her application initially and upon reconsideration, Plaintiff appeared before an administrative law judge who thereafter issued a decision finding Plaintiff not disabled.   The appeals council denied Plaintiff's request for review, and Plaintiff appealed to this Court.   On March 17, 1999, United States District Judge Elizabeth Kovachevich issued an order adopting Magistrate Judge Thomas McCoun's report and recommendation remanding to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. 405(g).

The Appeals Council remanded to an ALJ to conduct further proceedings consistent with this Court's order.   The ALJ held two supplemental hearings on May 16, 2000, and on September 12, 2000, and thereafter issued a decision denying benefits (R. 183-193).   In summary, the ALJ, after hearing from a vocational and an independent medical expert, concluded Plaintiff possessed the residual functional capacity to perform her past relevant work as an eyelet crafter and assembler and, in any event, there were other jobs in the national economy she could perform.   Plaintiff appealed to the Appeals Council and the Appeals Council affirmed the ALJ's decision to deny benefits under Title II of the Social Security Act but remanded a subsequent claim under Title XVI.   At this juncture, the Plaintiff filed the instant appeal concerning only the Appeals Council's denial of her Title II application for benefits.   She does not dispute the expiration of her insured status for Title II benefits on December 31, 1995, and thus, the relevant evidence concerns the time on or before

2

December 31, 1995.

### B.  Standard of Review

To be entitled to SSI or disability insurance benefits, a claimant must be unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  *See* 42 U.S.C. § 423(d)(1)(A).  A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  *See* 42 U.S.C. § 423(d)(3).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect.  These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520; 416.920.  If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary.  20 C.F.R. §§ 404.1520(a); 416.920(a).  Under this process, the Commissioner must determine, in sequence, the following:  (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment(s) (i.e., one that significantly limits his ability to perform work-related functions); (3) whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Part 404, Subpart P; (4) whether the claimant can perform his past relevant work; and (5) if the claimant cannot perform the tasks required of his prior work, the ALJ must decide if the claimant can do other work in the national economy in view of his age, education, and work experience. 20 C.F.R. § 404.1520.  A claimant is entitled to benefits only if unable to perform other work.  *See Bowen v. Yuckert,* 482 U.S.

137 (1987); 20 C.F.R. §§ 404.1520(f), 416.920(f).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389 (1971). The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. *See* 42 U.S.C. § 405(g); *Keeton v. Department of Health and Human Services*, 21 F.3d 1064 (11th Cir. 1994). The Court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Further, the Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he/she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066; *Jamison v. Bowen*, 814 F.2d 585 (11th Cir. 1987) (remand for clarification).

*C. Discussion*

*1. Past work*

Plaintiff argues that the ALJ erred by failing to develop the tasks and requirements of her past jobs as an eyelet crafter and assembler in a robe factory. In response, the Commissioner asserts that the vocational expert testified that Plaintiff can perform her past work as an eyelet crafter and an assembler in a robe factory as well as other sedentary and limited light work jobs available in sufficient numbers in the national economy.

Residual functional capacity (RFC) is what a claimant can still do despite his impairments. 20 C.F.R. § 416.945(a). Social Security Ruling ("S.S.R.") 82-61 provides two methods by which the ALJ may evaluate a claimant's RFC. The ALJ should not find the claimant disabled if he can

4

perform "[t]he actual functional demands and job duties of a particular past relevant job..." *or* the "functional demands and job duties as generally by employers in the national economy." *Martin v. Sullivan*, 901 F.2d 650, 653 (8th Cir. 1990). "The two tests are clearly meant to be disjunctive. If claimant is found to satisfy either test, then a finding of not disabled is appropriate." *Id., See Jackson v. Bowen*, 801 F.2d 1291, 1293-94 (11th Cir. 1986). Here, in part due to Plaintiff's limited English skills, it is difficult to determine the tasks involved in her specific past jobs. However, the VE testified she is capable of performing the jobs as they are generally performed in the national economy.[1] Therefore, I find substantial support for the ALJ's conclusion that Plaintiff can meet the demands of her prior jobs as an eyelet crafter and assembler in a robe factory as these jobs are performed in the national economy. Further, the VE found Plaintiff capable of performing other light duty jobs and sedentary jobs available in sufficient numbers in the national economy. *See* R. 206-09.

　　2. *Other work in national economy*

Plaintiff argues that given her multiple impairments, the ALJ erred in finding her capable of performing other work in the national economy. She contends the ALJ's findings that she is capable of performing light work, including lifting and carrying up to twenty pounds occasionally and ten pounds frequently with limitations as to stooping occasionally and no squatting, kneeling, crawling, or climbing ladders and simple routine work with a sit/stand option do not take into consideration all of her limitations. For instance, she states the ALJ failed to address Dr. Matos' conclusion that

---

[1] Plaintiff insinuates that the VE testimony conflicts with the Dictionary of Occupational Titles (DOT). Although I do not find any conflict, the Eleventh Circuit holds that in the case such a conflict exists the vocational expert's testimony "trumps" the job information outlined in the DOT. *See Jones v. Apfel,* 190 F.3d 1224 (11th Cir. 1999).

she suffers from myofascial pain syndrome , Dr. Bifulco's notation of her constant headaches, or

Dr. Matos' notation of her chronic right arm pain.  Likewise, she claims the ALJ failed to discuss

her complaints of sleepiness, side effects from her medication

As evidenced by the hypothetical raised to the VE, the ALJ recognized Plaintiff suffers from

a history of obesity, right shoulder problems, arthritis of back, bursitis in her hip, back and neck

strain, multiple bunionectomies, and depression as well as a recent herniation in her lumbar L1-L2.

The ALJ need not, however, include all Plaintiff's alleged problems in the hypothetical, only those

found credible in light of all record evidence.  *See Wolfe v. Chater*, 86 F.3d 1072, 1078 (11th Cir.

1996) (the ALJ is not required to include limitations found not credible, and submits to the expert

only those supported by objective evidence of record), *McSwain v. Bowen*, 814 F.2d 617, 620 n.1

(11th Cir. 1987).  As the Commissioner noted in her memorandum, after considering the evidence

and the testimony, the ALJ found Plaintiff's pain and depression limited her to simple routine work

requiring only light exertion.  The ALJ credited Plaintiff with the need for a sit-stand option and a

job with no squatting, kneeling, crawling or climbing ladders, and only occasional stooping.  I find

the ALJ followed the applicable regulations and his decision is supported by substantial evidence.

   *D.  Conclusion*

   For the reasons stated, it is hereby

   ORDERED:

   1.      The Plaintiff's complaint is dismissed and the Commissioner's decision affirmed.

2.      The Clerk is directed to enter judgment for the Commissioner.

IT IS SO ORDERED in chambers at Tampa, Florida on this 22nd day of September, 2005.


*Mark A. Pizzo*

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE